AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the

Middle District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| Lotver Luis Tarax-Juarez | ) | 2:26-mj-1178-NPM |
| | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ April 7, 2026 _____ in the county of _____ Lee _____ in the _____ Middle _____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111(a) | Assaulting, resisting, or impeding a federal officer with physical contact |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

/s/ Kenneth P. Kokinda
_____
*Complainant's signature*

Special Agent Kenneth P. Kokinda, ICE
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: April 20, 2026

City and state: _____ Fort Myers, Florida _____

_____
*Judge's signature*

Nicholas P. Mizell, U.S. Magistrate Judge
_____
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Kenneth P. Kokinda, being duly sworn, do depose and say:

1.      I am a Special Agent with the United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), and have been employed as a federal agent since June 1998. I retired from government service with the Drug Enforcement Administration in December of 2023 and was rehired by HSI in October 2025. I am currently assigned as a special agent to the HSI Resident Agent in Charge Office in Fort Myers, Florida. As an HSI special agent, I am authorized to enforce the immigration and customs laws and related violations of titles 8 and 18 of the United States Code.

2.      This affidavit is based upon my personal knowledge, information provided to me by other law enforcement officers, and information that I have obtained from various government databases and records. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included every fact known to me or law enforcement in this investigation. Instead, I have set forth only the facts that I believe are necessary to establish probable cause to believe that:

3.      On April 7, 2026, **Lotver Luis TARAX-Juarez** forcibly assaulted, resisted, impeded, and interfered with an officer and employee of the United States while engaged in and on account of the performance of official duties, where the relevant acts involved physical contact with the victim of the assault, in violation of 18 U.S.C. § 111(a).

**Probable Cause**

4.      In the early morning hours of April 7, 2026, ICE Enforcement and Removal Operations (ERO) Deportation Officer Yanse Aseng and other ERO officers were conducting immigration enforcement operations in the vicinity of the Chevron gas station located at 11700 South Cleveland Avenue in Fort Myers, Florida. Said gas station is in an area known, based on officers' training and experience, to be frequented by individuals unlawfully present in the United States.

5.      Upon arrival, Deportation Officer Aseng and the other officers observed a white van being refueled by an individual later identified as **Lotver Luis TARAX-Juarez**. While other officers entered the gas station's convenience store to speak with other individuals suspected of being illegally present in the country, Aseng and ICE Deportation Officer Kendrick Quicksall approached **TARAX-Juarez**. Both Aseng and Quicksall were wearing easily visible badges and vests identifying them as members of law enforcement. Officer Aseng greeted **TARAX-Juarez** in English, and **TARAX-Juarez** replied in Spanish. In Spanish, Officer Aseng asked **TARAX-Juarez** whether he had any means of identification, and **TARAX-Juarez** voluntarily produced a United States employment authorization card bearing his identifying information and photograph.

6.      ERO officers searched for **TARAX-Juarez's** information in immigration databases and found that he was an alien and national of Guatemala with no legal right to be present in the United States. Officers advised **TARAX-Juarez** that

2

possession of an employment authorization card alone does not establish lawful presence in the United States, but **TARAX-Juarez** was unable to provide any other documentation that would show a right to be present in the United States. Officers then informed **TARAX-Juarez** that he was going to be taken into immigration custody based on his unlawful presence in the United States and was instructed to turn around so that he could be handcuffed.

7.    **TARAX-Juarez** did not comply and began moving away from officers. **TARAX-Juarez** began stating that he wished to be granted a phone call and was told that he would be allowed to make a call, but not before he was taken into immigration custody. **TARAX-Juarez** refused to allow himself to be handcuffed, and when officers placed hands on him in order to handcuff him, he physically resisted, and a struggle ensued. As he resisted, **TARAX-Juarez** grabbed several items attached to or in pockets of Officer Aseng's law enforcement vest, such as a government-issued radio and cell phone, and threw them to the ground. During this time, **TARAX-Juarez** also reached in the direction of Officer Aseng's service firearm.

8.    Because of these actions, and because Officers Aseng and Quicksall were unable to handcuff **TARAX-Juarez** while he was standing, officers took **TARAX-Juarez** to the ground. While on the ground, **TARAX-Juarez** continued to violently resist, flailing his limbs, kicking at officers, and otherwise using force to attempt to avoid being handcuffed. Both Officer Aseng and Quicksall were struck and bruised,

either by direct blows from **TARAX-Juarez** or as a result of forceful contact with surrounding objects during the struggle.

9.    Eventually, officers were able to handcuff **TARAX-Juarez** and gain control of him. Once restored to his feet, however, **TARAX-Juarez** broke free from officers' control and ran several hundred feet, making it well off of the gas station property. ERO officers immediately pursued on foot, keeping visual contact with **TARAX-Juarez** the entire time, and eventually apprehended and secured him.

10.    The official duties of ICE deportation officers include the identification and apprehension of individuals illegally present in the United States. At the time of the struggle, Deportation Officers Aseng and Quicksall were employees of the United States engaged in the performance of official duties.

## Conclusion

11.     Based on the information presented in this affidavit, I respectfully submit that there is probable cause to believe that **Lotver Luis TARAX-Juarez** forcibly assaulted, resisted, impeded, and interfered with an officer and employee of the United States while engaged in and on account of the performance of official duties, where the relevant acts involved physical contact with the victim of the assault, in violation of 18 U.S.C. § 111(a).

/s/ *Kenneth P. Kokinda*

Kenneth P. Kokinda, Special Agent
U.S. Department of Homeland Security
Investigations

Sworn to me by telephone this __20th__ day of April, 2026, in Fort Myers, Florida.

Nicholas P. Mizell
United States Magistrate Judge

5